IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELLICOTT MACHINE CORPORATION INTERNATIONAL | : | |
| v. | : | CIVIL NO. CCB-00-3034 |
| JESCO CONSTRUCTION CORP., ET AL. | : | |
| | : | |
| **Consolidated with:** | : | |
| JESCO CONSTRUCTION CORPORATION | : | |
| v. | : | CIVIL NO. CCB-01-661 |
| ELLICOTT MACHINE CORPORATION INTERNATIONAL | : | |

...oOo...

## MEMORANDUM & ORDER

The sole issue remaining in this case is whether the judgments in favor of plaintiff Ellicott Machine Corporation International returned against Jesco Construction Corp. of Mississippi ("JCC-MS") on April 24 and September 10, 2002, should also be entered against Jesco Construction Corporation (a Louisiana corporation) ("JCC-LA"). Liability rests on breach of contract rather than tort.

The evidence of record demonstrates that the three equipment leases at issue were signed by the president of JCC-MS, James Stockstill, or by its controller, James Moss. (Mem. in Opp., Ex. 2-4). Mr. Stockstill is not the president of JCC-LA; Mr. Moss is not the controller nor an employee of JCC-LA. (Id. Ex. 5 at 15; Ex. 21 at 4). JCC-LA is owned 100% by its president, John Shavers, id. Ex. 21 at 6, who is also vice-president of JCC-MS. (Pltf. Mem. Ex. D at 3). The equipment was used on projects entered into by JCC-MS, (Mem. in Opp., Ex. 6-10), which also signed performance and payment bonds on these projects (id., Ex. 11-15).

Checks to pay Ellicott's invoices are signed by Stockstill or Moss on checks with the "Jesco Construction Corp." name, referring to JCC-MS, and an address of 638 Bayou Road, Belle Chase, Louisiana, (Pltf.'s Mem. Ex. E), premises rented by JCC-MS, (Opp. Ex. 22, 23),

although also listed as the "domicile address" of JCC-LA with the Louisiana Secretary of State. (Pltf. Mem. Ex. C).

While there is thus some overlap of personnel and a potentially confusing similarity of names and addresses, the contracts at issue were entered into and the equipment was paid for by JCC-MS. The corporations are distinct entities operating different, though related, businesses. (Mem. in Opp., Ex. 5 at 5).

The only relevant evidence Ellicott offers of liability on the part of JCC-LA is that company's somewhat ambiguous representation in a suit for damages originally filed in Louisiana state court that it "rented, leased, or otherwise obtained the use of" various dredging equipment from Ellicott. (Pltf. Mem. Ex. A at ¶ II).[1]

Ellicott is entitled to recover against JCC-MS. Consistent with the sparse case authority submitted by counsel, it is not entitled to the entry of a judgment against JCC-LA in the absence of some substantial reason to apply an alter-ego or piercing of the corporate veil theory. No evidence of fraud, intentional concealment or misrepresentation, or other equitable justification for such a result has been shown.

Accordingly, the request to enter judgment in favor of Ellicott against Jesco Construction Corporation (a Louisiana corporation) is **Denied**.

**SO ORDERED** this 29 day of January 2003.

_____
Catherine C. Blake
United States District Judge

---

[1] That case was removed to federal court in Louisiana, transferred here, and treated as a counterclaim in Ellicott's suit. (See Docket No. 14 in CCB-01-661).

2